USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1860 UNITED STATES, Appellee, v. JOSE BONILLA-ROMERO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Rafael Gonzalez Velez and Rafael Gonzalez Velez Law Office on ______________________ ___________________________________ brief for appellant. Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, ______________ _______________________ Senior Litigation Counsel, Edwin O. Vazquez, Assistant United States ________________ Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on _________________ brief for appellee. ____________________ MARCH 27, 1997 ____________________ Per Curiam. Appellant Jose Bonilla-Romero appeals ___________ from the district court's denial of his motion to withdraw his guilty plea to one count of aiding and abetting his co- defendants in knowingly, intentionally, and unlawfully possessing with intent to distribute cocaine and from the court's denial of his request for an acceptance of responsibility reduction at sentencing. We affirm.  We conclude that the district court did not abuse its discretion in denying the motion to withdraw the guilty plea. See United States v. Isom, 85 F.3d 831, 834 (1st Cir. ___ _____________ ____ 1996) (describing our standard of review and the factors we consider in reviewing the denial of a motion to withdraw a guilty plea). Bonilla has not disputed that he agreed to plead guilty in a written plea agreement and that he pled guilty under oath at a plea hearing which complied fully with the requirements of Fed. R. Crim. P. 11. His assertion of innocence, made seven weeks after his guilty plea, was clearly belated. The testimony of one co-defendant suggested a possible defense, but was directly contradicted by the testimony of a different co-defendant, whom the district court obviously credited. See United States v. Wicker, 80 ___ _____________ ______ F.3d 263, 268 (8th Cir. 1996) (the district court did not abuse its discretion in denying a motion to withdraw a guilty plea where the court had assessed the defendant's credibility negatively); United States v. Caban, 962 F.2d 646, 650 (7th _____________ _____ -2- Cir. 1992) ("Because credibility determinations are left to the sound discretion of the trial court, it seems unlikely that the district court abused its discretion by rejecting Caban's motion to withdraw his plea which was based upon a version of events that the court did not find credible."). Since Bonilla protested his innocence even at sentencing, the district court did not err in declining to grant him the requested acceptance of responsibility reduction. See U.S. Sentencing Guidelines Manual, 3E1.1, ___ comment. (n.3) (1995) (evidence that a defendant has accepted responsibility may be outweighed by inconsistent conduct; a defendant who has pled guilty is not entitled to an acceptance of responsibility reduction "as a matter of right"); United States v. Bradley, 917 F.2d 601, 606 (1st ______________ _______ Cir. 1990) (affirming the denial of an acceptance of responsibility adjustment where the defendant had tried to minimize his participation in the crime "to the bitter end"). The judgment of the district court is affirmed. ___________________________________________________ See Loc. R. 27.1.  _________________ -3-